TACOMA RY. & POWER CO. v. COTHARY et ux.

(Circuit Court of Appeals, Ninth Circuit. September 5, 1916.)

No. 2736.

1. STREET RAILROADS ⬦➡117(5, 21)—INJURIES TO PERSONS ON TRACKS—ACTIONS —JURY QUESTION.

In an action for injuries received by a woman struck by defendant's electric car while crossing defendant's tracks which ran in a park, the questions of the injured woman's contributory negligence and of the negligence of defendant's servants *held* for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 243, 249; Dec. Dig. ⬦➡117(5, 21).]

2. STREET RAILROADS ⬦➡113(1)—ACTIONS FOR INJURIES—EVIDENCE—REMOTENESS.

Defendant electric railroad company, which maintained tracks within a park, constructed a fence with suitable gates and turnstiles for the protection of the public in getting on and off the cars. Plaintiff, who was attempting to go through a turnstile leading to a bathhouse, was struck by one of defendant's cars and claimed that the turnstile would not revolve and that defendant's servants negligently failed to warn her of the approach of the car or to stop the car when her position of peril was apparent as the turnstile was only a few inches more than two feet from the side of a passing car. *Held*, that evidence that about a week after the accident the turnstile would not revolve because it had sunk is admissible despite the objection of remoteness.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 229, 231–233; Dec. Dig. ⬦➡113(1).]

3. APPEAL AND ERROR ⬦➡1050(3)—REVIEW—HARMLESS ERROR.

In such case, the admission of the evidence, if erroneous, was harmless, as the negligence relied on was not the defect of the turnstile, but the carelessness of the operatives of defendant's car.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4155; Dec. Dig. ⬦➡1050(3).]

4. APPEAL AND ERROR ⬦➡1050(1)—REVIEW—HARMLESS ERROR.

Error in permitting counsel to read from the testimony of one of defendant's witnesses given at a former trial is harmless, where the extract tended in no way to contradict his testimony given at the second trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ⬦➡1050(1).]

5. WITNESSES ⬦➡389—IMPEACHMENT—EVIDENCE.

In an action by one struck by an electric car where the motorman testified that he stopped the car within two lengths after the accident, his testimony given at a former trial that the car was stopped in three lengths may, despite his admission that he probably so testified, be read in evidence to impeach him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1243–1245; Dec. Dig. ⬦➡389.]

---

⬦➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by William Cothary and Margaret Cothary, his wife, against the Tacoma Railway & Power Company, a corporation. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

The defendant in error, who was the plaintiff in the court below, and will be here so designated, was struck and injured by an electric car running in Point Defiance Park near Tacoma. The railway company operated the car under an ordinance of the city of Tacoma which gave it license to construct and operate and maintain a line of double-track railway within the park, and required that at the terminus or loop of the railway, and for a distance along the main line, to be agreed upon by the railway company and the park commissioners, the company should construct and maintain "a wire fence six feet high, with suitable gates and turnstiles for the protection of the public in getting on or off the cars." The plaintiff when she was injured was, in company with two others, endeavoring to go through a turnstile in a fence made by the defendant, through which people were accustomed to go from the park to a bathhouse. The distance between the ends of the bars of the turnstile and the side of a passing car was two feet and five inches. There was a long platform six feet wide between the track and the fence in which the turnstile was located. The plaintiff had walked along the railroad track as was the usual custom in going to the bathhouse from the park. On reaching the upper end of the platform, she had turned to look to see if any car was in sight, and, seeing none, had proceeded to the turnstile with her companions. They found that the turnstile for some reason would not revolve. They stepped back and endeavored to make it turn in the opposite direction, and, at a moment when the plaintiff had her hand upon the crossbar pushing it, she was struck by a passing car. She testified that she did not hear the car approaching, that there was no whistle, and that she had not looked to see a coming car from the time when she reached the upper end of the platform. The complaint alleged negligence of the railway company, in that the car track was too close to the turnstile, that the car was running at an excessive rate of speed, that the motorman gave no signal or warning to the plaintiff, and that the motorman was negligent in not stopping the car sooner.

Frank D. Oakley and John A. Shackleford, both of Tacoma, Wash., for plaintiff in error.

Govnor Teats, Leo Teats, and Ralph Teats, all of Tacoma, Wash., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The defendant's principal contention is that the court below erred in overruling its motion for an instructed verdict, which was interposed on the ground that the complaint did not state grounds sufficient to constitute a cause of action, that the car was not exceeding any speed limit, nor operated in a careless or negligent manner, and that the plaintiff was guilty of contributory negligence. We think that the question, both of the defendant's negligence and that of the plaintiff's contributory negligence, were, under the circumstances disclosed, questions for the jury. There was evidence that the car approached at the speed of 30 miles an hour, that the motorman, while 150 feet distant from the place of the accident, distinctly saw the position in which the plaintiff stood and made no effort to stop his car or to give her warning. There was evidence that the plaintiff neither saw nor

heard the approaching car, and that she was not lingering or loitering negligently in a place of danger, but was on her way through the turnstile, and that she supposed the obstruction to the turnstile to be but temporary and that in a moment she would be able to pass through the same. It is evident that the turnstile was perilously near the car track. The motorman must have known that the place where the plaintiff and her friends stood was a very dangerous place, requiring extraordinary care upon his part to avoid accidents.

[2] Error is assigned to the admission of the testimony of a witness who testified that about a week after the accident he went to the turnstile to see why it stuck, and that he found that the turnstile had sunk so that the spokes thereof worked against the adjacent spokes. It is said that this was error for the reason that the plaintiff failed to prove that no change had been made in the turnstile in the intervening week, and cases are cited to the proposition that the burden is on the plaintiff in such a case to show that no change had been made. But the objection which was interposed to the testimony on the trial was that the time was too remote. There can be, in the very nature of things, no fixed rule as to the time that must intervene before such evidence becomes incompetent. 1 Wigmore, § 437. We cannot say that it was not within the court's discretion to permit the testimony over the objection which was made.

[3] We are of opinion, also, that the testimony, even if incompetent, was not prejudicial to the defendant. The condition of the turnstile was not the gist of the charge of negligence. It was not mentioned in the complaint. Proof of it was introduced for the purpose of showing why the plaintiff was delayed in passing through the fence on her way to the bathhouse. It was shown that on that occasion the turnstile stuck. It was not material to the case to show why it stuck, or the length of time it remained in that condition.

[4, 5] The third assignment of error is that the court permitted the plaintiff to read in evidence certain questions and answers from the testimony of the motorman which had been given on a former trial of the case. It is said that nothing in the testimony of the motorman while on the witness stand justified the reading of his former testimony, and that the same when read tended in no manner to change or qualify his later testimony. If that be true, the defendant could not have been prejudiced by the admission of the evidence. But the record will show that the witness testified that his car was stopped within two car lengths after striking the plaintiff; that, when he was asked if he had not formerly testified that it stopped within three car lengths, he answered that he did not remember. He was willing to admit, however, that, if it so appeared in his former testimony, he probably said so. The testimony was admissible for the purpose of showing that he had so testified on the former trial.

We find no error.

The judgment is affirmed.